UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 11-339-JBC

GOLDIE ROBERTS,                                                                                    PLAINTIFF

V.                            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                               DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon cross-motions for summary judgment on Goldie Roberts's appeal from the Commissioner's denial of her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The court will grant the Commissioner's motion, R. 12, and deny Roberts's motion, R. 11, because substantial evidence supports the administrative decision.

At the date of her current applications for DIB and SSI, Roberts was a forty-year-old female with a limited education who could communicate in English. AR 17. Prior to her alleged disability, Roberts had past relevant work as a cashier, receptionist and mail driver; her past employment as a laundry worker was too remote in time to be considered past relevant work. *Id.* Roberts filed her current claims for DIB and SSI on December 8, 2008, alleging disabled status beginning June 15, 2006, as a result of seizures, panic attacks, depression, anxiety and

1

memory loss.[1] AR 169, 172, 193. The claims were denied initially on September 24, 2009, AR 89-90, and upon reconsideration on February 8, 2010. AR 91-92. After a hearing on July 9, 2010, Administrative Law Judge ("ALJ") Donald A. Rising determined that Roberts is not disabled under Section 1614(a)(3)(A) of the Social Security Act. AR 18-19. Under the traditional five-step analysis, see *Preslar v. Sec'y of Health and Human Servs*., 14 F.3d 1107, 1110 (6th Cir. 1994), the ALJ determined that Roberts has not engaged in substantial gainful activity since the alleged onset date, AR 13; that she has severe impairments including a seizure disorder, borderline intellectual functioning, a major depressive disorder and a panic disorder, *id.*; that her impairments, either alone or in combination, do not meet or equal a listing section of the Listing of Impairments, AR 14; that she has the residual functional capacity ("RFC") to perform medium-level work restricted by a need to avoid heights, hazards, dangerous machinery, or commercial driving, a limitation to performing only simple tasks in an object-focused and non-public setting with casual, infrequent and occasional contact with coworkers and supervisors and no production rate or quota requirements, AR 15, but that she cannot return to any of her past relevant work, AR 17; and that based on her RFC, a significant number of jobs exist in the national economy that she can perform, AR 18. Thus, the ALJ denied her claims for DIB and SSI on August 27, 2010. AR 18-

---

[1] Roberts previously filed DIB and SSI applications in January 2007 alleging a disability onset date of June 15, 2005. AR 81. These applications were denied at all administrative levels in a decision which became final on July 23, 2008. AR 11, 81-88. The current ALJ declined to reopen the prior applications. AR 11. Based on the doctrine of *res judicata*, the July 24, 2008, date after this final decision is the earliest Roberts can qualify for DIB. *Id.*

19. The Appeals Council denied Roberts's request for review on November 23, 2011, AR 1-3, and she commenced this action.

Roberts challenges the ALJ's decision on the following grounds: (1) the ALJ gave inappropriate weight to the opinions of her treating physicians and gave inadequate reasons for rejecting these opinions; (2) the ALJ failed to consider Roberts's conditions in combination; (3) the ALJ failed to consider the duration requirement for substantial gainful activity; and (4) the ALJ ignored her testimony.

The ALJ gave the proper deference to the opinions of Dr. Zev Zusman, Roberts's treating psychiatrist, and Dr. Alam Khan, a physician who provided treatment for her seizure disorder. A treating physician's opinion is normally entitled to superior weight; when such an opinion is not given proper deference, the ALJ is required to cite good reasons for discrediting it. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). In evaluating the opinion of a treating source, the ALJ was required to consider: (1) the length of the treating relationship and frequency of examination; (2) the nature and extent of the treating relationship; (3) the supportability of the opinion; (4) the consistency of the opinion as a whole; and (5) the specialization of the treating source. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007). Roberts asserts that the ALJ fell short of these requirements.

The ALJ considered Dr. Zusman's status as a treating psychiatrist but properly determined that the doctor's restrictions were not well-supported by his own treatment records and were contradicted by the opinions of other examining

3

and treating mental health professionals. Dr. Zusman diagnosed panic attacks and depression. AR 563. The doctor rated Roberts's ability to function in most areas of mental functioning as fair, defined as "ability to function in this area is seriously limited but not precluded." AR 565. These are far more severe mental limitations than those found by the ALJ. In rejecting this opinion, the ALJ noted that in January 2009, Dr. Zusman reported an appropriate affect with no hallucinations or suicidal ideation. AR 16, 348. The ALJ noted similar findings by the physician throughout the course of treatment. AR 16-17, 417, 419, 421, 423, 425-426, 536-537, 539, 541, 543. These modest findings do not support such severe mental limitations. Another factor cited by the ALJ was records from the Cumberland River Comprehensive Care Center, another treating source for her mental problems, which indicated that Roberts did not suffer from functional impairment. AR 17, 513. Finally, the ALJ cited the opinion of Psychologist Emily Skaggs, an examining consultant, who saw Roberts in January 2010 and found normal motor activity and grooming, normal attention to tasks and concentration, and no deficits in memory. AR 17, 441. Skaggs found no more than moderate impairment in the various areas of mental functioning, with moderate defined as "the individual is still able to function satisfactorily." AR 17, 443. In making these findings, the ALJ complied with the requirements of *Bowen*, and thus properly rejected the opinion of Dr. Zusman.

The ALJ did not reject the opinions of Dr. Khan, who identified convulsive and non-convulsive seizures which afflicted Roberts several times a year. AR 560.

4

However, Dr. Khan did not identify the existence of specific physical restrictions. AR 545-557, 558-560. The mere diagnosis of a condition does not prove its severity; its disabling effects must still be shown. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988). The ALJ reviewed Dr. Khan's findings and observed that a physical examination in October 2009 was essentially negative. AR 15-16, 547-548. An MRI scan of the brain revealed no acute abnormality in October 2009. AR 16, 550. A November 2009 EEG showed no epileptiform discharges and was normal. AR 16, 551. Dr. Khan's rather modest examination and clinical findings are not contrary to the findings of the ALJ.

The ALJ also properly considered Roberts's conditions in combination. The ALJ extensively discussed her severe impairments of a seizure disorder, a major depressive disorder, and a panic disorder. AR 13-17. The ALJ noted that these problems, either alone or in combination, did not meet or equal the requirements of a Listing section. AR 14. An ALJ is not required to explicitly state after describing each impairment individually that he also considered them in combination; this is implied by the ALJ's consideration of the record as a whole. *See Loy v. Sec'y of Health & Human Servs.*, 901 F.2d 1306, 1310 (6th Cir. 1990). Therefore, the ALJ did not err in this regard.

Roberts also asserts that her medical problems would prevent her from maintaining employment and that she could not therefore meet the durational requirements for substantial gainful activity. However, the only evidence of record cited by Roberts suggesting she could not maintain employment came from Dr.

5

Zusman, whose opinion the ALJ properly discounted. Thus, this argument is without merit.

Finally, Roberts asserts that the ALJ ignored her testimony. However, the ALJ discussed her testimony in the administrative decision but stated that it did not support the existence of more severe mental and physical impairments than those found in the RFC. AR 15. The medical evidence adduced by Roberts on her current claim did not suggest her condition had materially changed since a July 23, 2008, denial of her prior disability claim. AR 15-17. The ALJ noted that *Acquiescence Ruling 98-4(6)* required Roberts to make such a showing of material change, and she failed. AR 15. Thus, this ALJ discussed her testimony and gave sufficient reasons for not fully crediting it.

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Roberts's motion for summary judgment, R. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment, R. 12, is **GRANTED**.

The court will enter a separate judgment.

Signed on January 3, 2013

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY